UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Windell Johnson, | ) C/A No.: 3:11-488-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Samuel Truett Cathy; Chick-Fil-A Corporation; Wayne Farms; and Don Byrd, | ) |
| Defendant. | ) |

Plaintiff files this matter *pro se*, and alleges he was injured when he ate a sandwich at the Chick-Fil-A restaurant on Bush River Road in Columbia, South Carolina. He names as Defendants Chick-Fil-A; the owner of the Chick-Fil-A corporation, Samuel Truett Cathy; a supplier for Chick-Fil-A, Wayne Farms; and the owner of the Chick-Fil-A on Bush River Road, Don Byrd. According to the Complaint, all of the Defendants, except Defendant Byrd, are Georgia residents. Defendant Byrd, who is the owner of the Bush River Road franchise, is presumably a South Carolina resident. Plaintiff alleges he resides in Denmark, S.C.. In his prayer for relief, Plaintiff states he is "seeking justice for what happened to [him] as a result of Chick-Fil-A's negligence." He also states he is seeking a jury trial.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

1

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In order for this Court to hear or decide a case, the Court must first have jurisdiction over the subject matter of the litigation. It is well established that federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and federal statute. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dis.*, 475

U.S. 534, 541 (1986). This limited jurisdiction is not to be expanded by judicial decree. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction. *See Turner v. Bank of North America*, 4 U.S. (4. Dall.) 8, 11 (1799).

A plaintiff seeking relief in federal court bears the burden of alleging and proving the facts conferring jurisdiction. *Sligh v. Doe*, 596 F.2d 1169, 1170 (4th Cir.1979) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1935); CHARLES A. WRIGHT, HANDBOOK OF THE LAW OF FEDERAL COURTS 15-16 (2d ed. 1970)). In invoking the jurisdiction of a federal court pursuant to 28 U.S.C. § 1332 a plaintiff must allege and prove that the parties are completely diverse in citizenship and that the amount in controversy exceeds $75,000. Moreover, if the defendant challenges the plaintiff's allegations of jurisdictional facts, "the plaintiff bears the burden of supporting the allegations by competent proof." *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188 (1935))(other citations omitted); *Johnson v. General Motors Corp.*, 242 F.Supp. 778, 779 (E.D.Va.1965) ("It is fundamental that where diversity is challenged, the plaintiff has the burden of establishing that diversity exists.").[1]

Furthermore, "[i]t is the duty of this and every court to raise jurisdiction at any time it may appear to be in doubt, *sua sponte* if necessary." *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1121 n.4 (D.C. Cir. 1985).

While, it is well accepted that pleadings of *pro se* litigants are held to "less stringent standards than those filed by litigants with counsel and must be construed liberally," *Haines v.*

---

[1] Plaintiff has not established federal question jurisdiction pursuant to 28 U.S.C. § 1331, because he does not assert any claims created by federal statute or that otherwise arise under constitution, laws, or treaties of the United States.

3

*Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants "must still allege a cause of action that falls within the subject matter jurisdiction of this Court." *Id. See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Additionally, "[j]urisdiction cannot be conferred by consent of the parties, nor can the requirements be waived by inaction[.] 13B CHARLES A. WRIGHT AND ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3602, at 372-375 (1984). Statutes conferring federal diversity jurisdiction are to be strictly construed. *Janzen v. Goos*, 302 F.2d 421, 423 (8th Cir. 1962).

As it applies to the naming of a corporation as a defendant, "[c]ourts have consistently interpreted §1332(c) to mean exactly what it says: a party must allege a corporation's state of incorporation *and* principal place of business." *Randazzo v. Eagle-Pitcher Indus., Inc.,* 117 F.R.D. 557, 558 (E.D.Pa. 1987) (emphasis in original), *citing Joiner v. Diamond M. Drilling Co.*, 677 F.2d 1035 (5th Cir. 1982) and *Moore v. Sylvania Electric Products, Inc.*, 454 F.2d 81, 84 n.1 (3rd Cir. 1972).

Plaintiff has failed to allege all of the appropriate jurisdictional facts. Therefore, this Court must independently determine if it has subject matter jurisdiction over the issues presented.

After reviewing the pleadings, there is no basis for a finding of diversity jurisdiction over this complaint. As noted above, the diversity statute, 28 U.S.C. § 1332(a), requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.

Any state law causes of action, such as negligence, would be cognizable in this court under the diversity statute, *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, (4th Cir., Nov. 22, 1993), 10 F.3d 806 [Table], if that statute's requirements are satisfied. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction because Defendant Byrd and Plaintiff are both residents of the State of South Carolina. Hence, *complete* diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

            Joseph R. McCrorey
            United States Magistrate Judge

March 31, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page*.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).