UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Windell Johnson, | ) | C/A No. 3:11-488-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Samuel Truett Cathy; Chick-Fil-A Corporation; Wayne Farms; and Don Byrd, | ) ) ) ) | |
| Defendants. | ) ) | |

The *pro se* plaintiff, Christopher Windell Johnson, brings this action seeking to recover damages from the defendants as a result of injuries he sustained after biting into and choking on a bone located in the chicken sandwich he was eating.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the action should be dismissed for lack of federal jurisdiction. Specifically, the Magistrate Judge suggests that this court does not have complete diversity jurisdiction, nor does it have federal question jurisdiction. With regard to diversity jurisdiction, the Magistrate Judge correctly points out that plaintiff's service documents show that both the plaintiff and defendant Byrd are residents of South Carolina,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

thereby defeating the jurisdictional requirement of complete diversity under 28 U.S.C. § 1332. With regard to federal question jurisdiction, the Magistrate Judge suggests that there are no facts alleged in the complaint which implicate federal law.

The plaintiff was advised of his right to submit objections to the Report and Recommendation, which was entered on the docket on April 4, 2011. The plaintiff has filed an objection memorandum outlining the injuries he sustained and insisting that he has a right to have his case heard by a jury in this federal court. However, the plaintiff cannot provide any proper basis for a finding of subject matter jurisdiction by this court. Thus, the objections are overruled.

As the Magistrate Judge correctly notes in his Report, the plaintiff cannot seek relief in this federal court when the parties to the action are not completely diverse in citizenship. Even if the amount of plaintiff's controversy exceeds $75,000, both the plaintiff and defendant Byrd are citizens of South Carolina. Thus, there is not complete diversity of the parties and this court cannot hear or decide plaintiff's case. The plaintiff's recourse is to file a civil action in the state courts of South Carolina. This court expresses no opinion on the merits of any such action.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 29, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge